IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES YOUNG TAYLOR, #312460, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | CASE NO. 2:24-CV-792-WKW [WO] |
| DERRICK CUNNINGHAM, KEVIN MURPHY, and SONYA PRITCHARD, | ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Charles Young Taylor filed this *pro se* 42 U.S.C. § 1983 (§ 1983) action to which the Prison Litigation Reform Act (PLRA) applies. *See* 28 U.S.C. §§ 1997–1997j. The PLRA prohibits suits by prisoners "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA's "exhaustion requirement is a mandatory pre-condition to suit." *Maldonado v. Baker Cnty. Sheriff's Office*, 23 F.4th 1299, 1307 (11th Cir. 2022). However, "if remedies are unavailable to a prisoner, they need not be exhausted." *Id.*

Defendants—the sheriff of Montgomery County, his chief deputy, and the director of detention at the Montgomery County Detention Facility (MCDF)—have raised the affirmative defense, among others, that "Plaintiff has failed to exhaust the administrative grievance procedures as prescribed by the PLRA." (Doc. # 17 at 5.) Defendants contend that the MCDF, where the alleged assault occurred, has an established grievance policy. Defendants assert that Plaintiff did not file a grievance with the MCDF related to the assault prior to filing this action. They argue that Plaintiff's failure to do so warrants dismissal of the complaint. (Doc. # 17 at 12–16.)

In an Order entered on April 1, 2025, Plaintiff was directed to file by April 22, 2025, a response addressing Defendants' affirmative defense that he failed to exhaust administrative remedies as required by the PLRA. The Order set out the principles governing the court's review and determination of the issues regarding the PLRA's exhaustion requirement. Plaintiff was cautioned as follows: "**If Plaintiff fails to file a response to this Order, the court will treat that failure as an abandonment of his Complaint and a failure to prosecute and will dismiss this action.**" (Doc. # 18 at 6.) This Order was not returned to the court as undeliverable.

To date, Plaintiff has not filed a response to the motion or otherwise filed anything in this case. As forewarned, because Plaintiff has failed to file a response,

as directed by the court, and prosecute this action, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute and to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). In this instance, Plaintiff has not responded to the court's order, despite an express warning that such failure would result in dismissal. Given this clear record of delay, no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 13th day of May, 2025.

                                            /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE